UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BREVARD EXTRADITIONS,
INC. d/b/a U.S. PRISONER
TRANSPORT and ROBERT
DOWNS, individually and on
behalf of other similarly situated
persons,

                Plaintiffs,

v.                                  CASE NO.  8:12-CV-2079-T-17MAP

FLEETMATICS USA, LLC,
formerly doing business as
FLEETMATICS USA, INC.
and FLEETMATICS USA
GROUP HOLDINGS, INC.,

                Defendants.

_____/

ORDER

      This cause is before the Court on:

      Dkt.  61    Unopposed Motion for Award of Plaintiffs' Attorneys' Fees and Costs,
                  and Service Award

      Plaintiffs seek the award of $232,500.00 for attorney's fees and costs incurred in this case; that amount is the maximum amount permissible under the Settlement Agreement.  Plaintiffs also seek a service award in the amount of $7,500.00, to be made jointly payable to Brevard Extraditions, Inc. d/b/a U.S. Prisoner Transport and Robert Downs.

Case No.8:12-CV-2079-T-17MAP

I.  Discussion

A.  Sec. 934.10(1)(d), <u>Florida</u> <u>Statutes</u>

In the Second Amended Complaint, Plaintiffs allege claims for violations of Sec. 934.03, <u>Florida</u> <u>Statutes</u>.  The Settlement Agreement provides for the award of damages to class claimants; pursuant to Sec. 934.10(1)(b), <u>Florida</u> <u>Statutes</u>, damages include actual damages, but not less than liquidated damages computed at the rate of $100 a day, or $1,000, whichever is higher.  Pursuant to Sec. 934.10(1)(d), <u>Florida</u> <u>Statutes</u>, a claimant is entitled to recover a reasonable attorney's fee and litigation costs reasonably incurred.

Defendants do not dispute that Sec. 934.10(1)(d) applies to Plaintiffs' claims.

The Court notes that this case is a fee-shifting case rather than a common fund case.

B.  Lodestar Formula

Florida has adopted the federal "lodestar" formula for assessing reasonable fee awards.  <u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So.2d 1145 (Fla. 1985); <u>Standard Guaranty Insurance Co. v. Quanstrom</u>, 555 So.2d 828 (Fla. 1990).  The lodestar is the product of the number of hours reasonably worked by lawyer and a reasonable hourly rate.  <u>See</u> <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1989)(citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)).

In <u>Bell v. U.S.B. Acquisition Co., Inc.</u>, 734 So.2d 403 (Fla. 1999)(holding <u>Quanstrom</u> analysis applies to contract cases even where there is no statutory or rule-based authority for a fee award) , the Florida Supreme Court notes:

Case No.8:12-CV-2079-T-17MAP

> In Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828, 830
> (Fla. 1990), we found it necessary to reexamine the principles adopted in
> Rowe regarding the federal lodestar approach and the use of the
> [contingency risk] multiplier.  We observed that federal courts had
> developed the lodestar method for determining attorney's fees to apply to
> a "special class of cases, in which Congress had enacted fee-authorizing
> statutes to pay fees to prevailing plaintiffs for the purpose of obtaining
> public enforcement of Congressional acts."  Id at 831.  We then noted that
> subsequent to Rowe, in Pennsylvania v. Delaware Valley Citizens' Council
> for Clean Air, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 5854 (1987), the
> United States Supreme Court had "substantially restricted, if not
> eliminated" the use of a contingency risk multiplier as a method of
> enhancing a statutorily authorized attorney's fees.  Quanstrom, 555 So.2d
> at 832.  We observed that the plurality in Delaware Valley was
> "unconvinced that Congress intended the risk of losing a lawsuit to be an
> independent basis for increasing the amount of any otherwise reasonable
> fee."  Id. at 831 (quoting Delaware Valley, 483 U.S. at 725, 107 S.Ct.
> 3078).

In Quanstrom, 555 So.2d at 833, the Florida Supreme Court held that different types of cases require different criteria to achieve the legislative or court objective in authorizing the setting of a reasonable attorney's fee.  Although the Florida Supreme Court reaffirmed the decision in Rowe concerning the lodestar approach as a basic starting point, the Florida Supreme Court found that the use of the contingency fee multiplier should be modified, depending upon the type of case: 1) public policy enforcement cases; 2) tort and contract claims and 3) family law, eminent domain, and estate and trust matters, noting that these categories are not intended to be all inclusive.  In public policy enforcement cases, the Florida Supreme Court adopted an approach in which the existence of a contingency fee arrangement is one factor to consider in determining a reasonable attorney's fee, and the trial court is not limited in its award by the fee agreement between the party and his or her attorney.  In tort and contract cases, the Florida Supreme Court reaffirmed the use of a multiplier but found that the trial court should consider the following factors in determining whether a multiplier is necessary:

Case No.8:12-CV-2079-T-17MAP

> 1. whether the relevant market requires a contingency fee multiplier to obtain competent counsel;
>
> 2. whether the attorney was able to mitigate the risk of nonpayment in any way; and
>
> 3. whether any of the factors set forth in <u>Rowe</u> are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

The Florida Supreme Court further held that evidence of these factors must be presented to justify the utilization of a multiplier, and if the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5. <u>Id.</u>, at 834.

The Court also notes the analysis in <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542, 572 (2010), summarizing the rules in federal fee-shifting statutes:

> 1. A "reasonable" fee is a fee sufficient to induce a capable attorney to undertake the representation of a civil rights case.
>
> 2. The lodestar method yields a fee that is presumptively sufficient to achieve this objective.   This presumption is a strong presumption.
>
> 3. Enhancements may be awarded in "rare" and "exceptional" circumstances.
>
> 4. The lodestar includes most, if not all, the factors constituting a "reasonable" attorney's fee; an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.  Novelty, complexity and the quality of counsel's performance should generally not be used to adjust the lodestar.

4

Case No.8:12-CV-2079-T-17MAP

5.  The burden of proving that an enhancement is necessary is borne by the fee applicant.

6.  A fee applicant must produce specific evidence that supports the award.  (Citations omitted).

The Supreme Court noted that an enhancement may be appropriate as follows: 1) where the method determining the hourly rate does not adequately measure the attorney's true market value;  the hourly rate may be adjusted in accordance with specific proof linking the attorney's ability to a prevailing market rate; 2) if the attorney's performance includes an extraordinary outlay of expenses and litigation is exceptionally protracted; and 3) where extraordinary circumstances are present in which an attorney's performance involves an exceptional delay in the payment of fees.  Compensation for this delay is made either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value.


1.  Reasonable hours


The hours for which Plaintiffs seek an award are:


| Ewusiak | 335.5 hours (plus 24 to conclude) |
|---------|-----------------------------------|
| Roberts | 271.5 hours (plus 15 to conclude) |
| Dogali | 38.4 hours (plus 10 to conclude) |
| | (plus 6.9 firm hours) |
| Schutzman | 93.4 hours (plus 15 to conclude) |

The Court first determines the number of hours reasonably expended on the litigation.  Plaintiffs' counsel have provided specific time records.  Plaintiffs engaged three law firms, and this case was prosecuted by four experienced attorneys who carried out separate roles, within minimal overlap.  Where the services rendered are necessary, not duplicative, and the total fee is reasonable, the award of attorney's fees to separate counsel is not precluded.  Florida Drilling & Sawing v. Fohrman, 635 So.2d 1054, 1055-56 (Fla. 4th DCA 1994); Norman v. Housing Authority of City of Montgomery,

Case No.8:12-CV-2079-T-17MAP

836 F.2d 1292, 1302 (11th Cir. 1989).

The Court notes that this case  included complex legal and factual issues, the time commitment to this case had a material effect on counsels' ability to accept other employment, and the benefit conferred to class members is in line with other class actions involving similar subject matter.  Defendants have not pointed out any hours which should be deducted.  The Court finds that Plaintiffs have established that the time for which Plaintiffs seek an award is reasonable.

2.  Reasonable hourly rates

The reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.  Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1989).

Plaintiffs request that the Court approve the stated hourly rates (Dkt. 61, Par. 12) as being reasonable, as the stated rates reflect the labor required in a complex litigation, the novelty and difficulty of the legal and factual issues, the skill required to perform the services, the preclusion of other work, the contingent fee agreement with Plaintiffs, the results obtained, and the experience, reputation and abilities of counsel (Dkts. 61-1-4).

The Court notes the experience level of Plaintiffs' counsel.  The Court has considered the injunctive and monetary relief obtained for the class members, and notes that the rates sought for counsel are within the range of prevailing market rates recognized in the Middle District of Florida in other recent cases, such as Holman v. Student Loan Express, Inc., 778 F.Supp.2d 1306, 1312 (M.D. Fla. 2011).  Plaintiffs have provided an expert opinion that the hourly rates sought are consistent with the fee

Case No.8:12-CV-2079-T-17MAP

customarily charged in the locality for similar legal services (Dkt. 61-5, Barnes Affidavit).

After consideration, the Court finds that the stated hourly rates are reasonable.

3.  Contingency risk multiplier

Plaintiffs contend that Plaintiffs' counsel are entitled to a multiplier.  Plaintiffs request that the Court apply a multiplier of 1.5.  Plaintiffs have argued that this is a public policy case, and that Plaintiffs' attorneys are part of a small group available for class relief in the relevant market.  Plaintiffs also emphasize that, in light of the uncertainties in the law applicable to Florida's Wiretapping Act, and the shifting in the law applicable to class actions generally, a straight contingent fee or hourly rate arrangement would not recognize the significant risks of investing a substantial amount of time and costs in view of a high probability of no relief for Plaintiffs.  Plaintiffs argue that Plaintiffs' counsel could not mitigate the risk of non-payment in any way until the settlement in this case.  Plaintiffs further argue that the factors of the achievement of outstanding results, and the contingent nature of the fee weigh in favor of enhancement.

It is not necessary for the Court to determine whether a contingency risk multiplier is appropriate, since the lodestar amount without the application of a multiplier is greater than the agreed-upon cap on attorney's fees, $232,500.00.   The Court approves the award of $232,500.00 to Plaintiffs for attorney's fees.

C.  Reasonable Costs

Plaintiffs have documented reasonable costs expended by counsel in the amount of $6,281.44, and estimate an additional expenditure of $2,000.00 to conclude this matter.

Case No.8:12-CV-2079-T-17MAP

The Court finds that costs for which Plaintiffs seek an award are reasonable. The costs are included in the amount requested for attorney's fees, $232,500.00.

D.  Service Award

Plaintiffs seek approval of a service award of $7,500.00, payable to Plaintiffs jointly.  Plaintiffs argue that Plaintiffs' involvement in this litigation was essential to the ultimate success of the settlement, and Plaintiffs devoted a substantial amount of time to this case, aiding in the investigation of the claims, participating in formal and informal discovery, and contributing to mediation and post-mediation settlement efforts. Plaintiffs argue that the amount of the service award is in line with other service awards awarded in the Middle District of Florida.  See In re Checking Account Overdraft Litig., 830 F.Supp.2d 1330, 1358 (S.D. Fla. 2011); Pinto v. Princess Cruise Lines, Ltd., 513 F.Supp.,2d 1334m 1344 (S.D. Fla. 2007).

The Court notes the service award will be deducted from the Benefit Amount to class members.  After consideration, the Court approves the service award of $7,500.00 to Plaintiffs, to be payable jointly to Plaintiffs.  Accordingly, it is

**ORDERED** that Plaintiffs' Unopposed Motion for the Award of Plaintiffs' Attorneys' Fees and Cost, and Service Award, is **granted**.  The Court approves the payment of $232,500.00 to Plaintiffs for attorneys' fees and costs, and the payment of a service award to Plaintiffs of $7,500.00, payable jointly to Plaintiffs.

Case No.8:12-CV-2079-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this

27th day of June, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties
and counsel of record