UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BREVARD EXTRADITIONS, INC.
d/b/a/ U.S. PRISONER TRANSPORT
and ROBERT DOWNS, individually
and on behalf of all other similarly
situated persons,

                              Plaintiffs,

v.                                                    Case No. 8:12-CV-2079-T-17MAP

FLEETMATICS USA, LLC, formerly
doing business as FLEETMATICS USA,
INC., and FLEETMATICS USA GROUP
HOLDINGS, INC.,

                              Defendants.

_____/

FINAL JUDGMENT ORDER
APPROVING CLASS ACTION
SETTLEMENT AND JUDGMENT

        This cause is before the Court on:


        Dkt. 60     Joint Motion for Final Approval of Class Action Settlement


        On June 27, 2014, the Court conducted a hearing regarding the fairness and final

approval of the Settlement set forth in the Settlement Agreement executed as of

January 21st, 2014 ("Settlement Agreement") and filed with the Court on that date.  All

capitalized terms used herein have the meanings set forth and defined in the Settlement

Agreement, unless otherwise specified herein.


        The parties appeared by and through their respective counsel of record. After

considering the papers and the arguments of counsel, and good cause appearing, the

Court **GRANTS** the Parties' Motion for Final Approval and Judgment (Dkt. 60) and rules

as follows.

Case No. 8:12-CV-2079-T-17MAP

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Settlement Agreement and all exhibits thereto, and over all Parties to this Action and all Class Members.

(a)     The Court hereby certifies, for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class ("Class") defined as follows: all individuals and businesses residing in Florida who spoke by telephone with representatives from Fleetmatics' Florida office, and were not provided with notice that the call may be recorded or monitored. Excluded from the Class are those persons and entities listed on Exhibit 1 hereto who have submitted valid and timely requests for exclusion from the Class in compliance with each of the requirements set forth in the Class Notice;

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, Plaintiffs Brevard Extraditions, Inc. d/b/a/ U.S. Prisoner Transport and Robert Downs are appointed as Class Representatives for the Class ("Class Representatives").  The law firms of Ewusiak & Roberts, P.A., Dogali Law Group, P.A., and the Law Offices of Scott E. Schutzman are appointed as counsel for the Class ("Class Counsel") for settlement purposes only.

3.      With respect to the Class, the Court finds, for settlement purposes only, that:

(a)     the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable;

(b)     there are questions of law and fact common to the Class;

(c)     the claims by Class Representatives are typical of the claims of the Class;

(d)     Class Representatives and their counsel have and will fairly and adequately represent and protect the interests of the Class Members;

(e)     the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:

Case No. 8:12-CV-2079-T-17MAP

> (i) the interests of Class Members in individually controlling
> the prosecution of separate actions; (ii) the extent and nature
> of any litigation concerning the controversy already
> commenced by Class Members; and (iii) the desirability or
> undesirability of concentrating the litigation of these claims in
> this particular forum.

4.      The Court finds that the terms and provisions of the Settlement Agreement previously filed in this Action were entered into by the Parties at arm's-length and in good faith, and are fully and finally approved as fair, reasonable, and adequate. The Court further finds that all requirements of statute, rule and Constitution necessary to effectuate this Settlement have been met and satisfied. The terms of the Settlement are hereby approved and ordered to be performed by all Parties.

5.      The Court finds that the distribution of the Class Notice, and the notice methodology, both implemented in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order:

(a)      constituted the best practicable notice to Class Members under the circumstances of the Action;

(b)      were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of the Action; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in the Action, whether favorable or unfavorable, on all Class Members who are not excluded from the Class;

(c)      were reasonable and constituted due, adequate, and sufficient notice to those entitled to be provided with notice; and

(d)      fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause) and any other applicable law.

6.      In accordance with Paragraph 1.26 of the Settlement Agreement, for

Case No. 8:12-CV-2079-T-17MAP

purposes of this Final Judgment the term "Released Parties" shall mean: (a) Fleetmatics and each of its past, present, and future parents, subsidiaries, related companies, affiliated companies, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, divisions, insurers or reinsurers, advisors, consultants, representatives, partners, affiliates, divisions, owners, shareholders, officers, directors, vendors, employees, attorneys, or agents (alleged or actual); (b) anyone a Class Member could sue for the same or similar wrongs as alleged in the Action or within the scope of the releases set forth herein; and (c) the representatives, predecessors, successors and assigns of any of the foregoing.

7.      In accordance with Paragraph 1.27 of the Settlement Agreement, for purposes of this Final Judgment the term "Settled Claims" shall mean: all claims, demands, disputes, matters, actions and causes of action of any kind, that in any way concern, relate to, are based upon, arise out of, or are related in any way to the interception, use, disclosure, eavesdropping, recording, or monitoring of any wire, oral, or electronic communication to or from Class Members or other individuals or businesses residing in Florida, including but not limited to all claims, demands, disputes, matters, actions and causes of action concerning, relating to, based upon, arising out of, or related in any way to the allegations, facts, circumstances, transactions, statements, omissions, or subject matters that were alleged or could have been alleged in the Action or in any other action, or could in the future be alleged, whether known or unknown, accrued or unaccrued, matured or not matured, whether asserted directly, derivatively, indirectly or otherwise, and whether based on state, federal, foreign or any other law, as against all Released Parties.

8.      Plaintiffs, on behalf of themselves and on behalf of each Class Member, and each of the foregoing's past, present, and future parents, subsidiaries, related companies, affiliated companies, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, divisions, insurers or reinsurers, advisors, consultants, representatives, partners, affiliates, divisions, owners, shareholders, officers, directors, vendors, employees, attorneys, or agents (alleged or actual), and the representatives, predecessors, successors and assigns of any of them:

(i)     shall be deemed to have, and by operation of this Final Judgment shall have, finally, fully, irrevocably, and completely released and forever discharged all Settled Claims against each and every one of the Released Parties, regardless of whether such Class Member executes a Claim Form; and

(ii)    shall be deemed to be, and by operation of this Final Judgment shall be, forever barred and enjoined from

4

Case No. 8:12-CV-2079-T-17MAP

> instituting, instigating, prosecuting, participating in,
> continuing, maintaining, pursuing, encouraging, or asserting
> any Settled Claim against any Released Parties, or assisting
> any person or entity in instituting, instigating, prosecuting,
> participating in, continuing, maintaining, pursuing,
> encouraging, or asserting any Settled Claim against any
> Released Parties, whether directly or indirectly, whether in
> the United States or elsewhere, whether on their own behalf
> or on behalf of any class or any other person, and regardless
> of whether such Class Member executes and delivers a
> Claim Form.

9.      Any persons or entities whose names appear on Exhibit 1 hereto are hereby excluded from the Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded persons or entities may not pursue any Settled Claim on behalf of those who are bound by this Final Judgment.

10.      Either Fleetmatics or the Settlement Administrator, at Fleetmatics' option, shall prepare and issue payment of the Settlement Benefit to Authorized Claimants in accordance with the formula set forth in paragraph 3.01 of the Settlement Agreement. Such payments shall be made in accordance with the procedure set forth in the Settlement Agreement and within the time periods specified therein.

11.      Any portion of the Benefit Amount remaining after payment of Notice and Administration Expenses to the Settlement Administrator, any service award to Plaintiffs, and Settlement Benefits to Authorized Claimants shall not be paid or otherwise distributed to the Class, but shall be retained by Fleetmatics.

12.      The Action and all Settled Claims are hereby dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

13.      This Final Judgment, the Settlement Agreement, whether or not consummated or terminated, any of their respective provisions, any negotiations, proceedings or agreement relating to the Settlement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement shall not be offered or be admissible in evidence against Fleetmatics or cited or referred to in any other action or proceeding, except one (1) brought by or against the Parties to enforce or

Case No. 8:12-CV-2079-T-17MAP

otherwise implement the terms of this Final Judgment or the
Settlement Agreement; (2) involving any Plaintiff or Class Member to support a defense
of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue
preclusion, or similar defense; or (3) involving an attempt to enforce any order of the
Court herein or otherwise to stay or limit other litigation inconsistent with the terms set
forth in this Final Judgment or the Settlement Agreement.


14.     Neither the Parties nor their counsel shall have any liability or obligation
for errors or omissions of Settlement administration, including but not limited to the
mailing and processing of the Class Notice, the processing of Claim Forms and all other
aspects of administration, and in no event shall Fleetmatics' liability or payments exceed
the amounts set forth in the Settlement Agreement.

15.     In the event that the Settlement does not become effective in accordance
with the terms of the Settlement Agreement, then this Final Judgment shall be rendered
null and void to the extent provided by and in accordance with the Settlement
Agreement and shall be vacated.

16.     Any order regarding (a) any award of attorneys' fees or costs to Class
Counsel or other counsel; and (b) any service award to Plaintiffs as contemplated in
paragraph 2.16 of the Settlement Agreement, or any appeal, modification or change of
any of the foregoing shall in no way disturb or affect this Final Judgment and shall be
considered separate from this Final Judgment.

17.     Without affecting the finality of this Final Judgment in any way, the Court
hereby retains continuing jurisdiction over implementation of the Settlement, any award
or distribution of the Benefit Amount, and all Parties and Class Members for the purpose
of construing, enforcing and administering this Final Judgment and the terms of the
Settlement Agreement.

18.     The provisions of this Final Judgment constitute a full and complete
adjudication of the matters considered and adjudged herein, and the Court determines
that there is no just reason for delay in the entry of judgment. The Clerk is hereby
directed to immediately enter this Final Judgment.

Case No. 8:12-CV-2079-T-17MAP

**IT IS SO ORDERED.**


June 27,2014.


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:

All parties
and counsel of record